IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKEY GRAYSON GROVES, II**,

*Plaintiff*,

v.

**THE CITY OF PEARL, MISSISSIPPI,
et al.**,

*Defendants*.

CAUSE NO. 3:22-CV-567-CWR-LGI

## ORDER

Plaintiff Rickey Grayson Groves, II filed suit against the City of Pearl, the City of Pearl Board of Alderman, Chief Dean Scott, Officer Ryan Edwards, and Officer Jacob Lang asserting claims under 42 U.S.C. § 1983 and state law. Docket No. 47. Defendants moved for judgment on the pleadings. Docket No. 50. In their motion, they relied on exhibits attached to their answer—a dash cam video and Officer Edwards' incident report. Docket Nos. 27-1 and 27-2. Groves then moved to strike, arguing among other things that the Court should not consider the exhibits because they "were not attached to [his] complaint and [his] claims are not central to or based upon" the video and report. Docket No. 58 at 2. He asked the Court to strike the exhibits, or alternatively, convert Defendants' motion to one for summary judgment. *Id.* at 2–3.

"The standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). In considering these motions, courts may review "the complaint, any documents

attached to the complaint, and any documents attached to the motions that are central to the plaintiff's claim and referenced in her complaint." *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019) (cleaned up); *see also Sligh v. City of Conroe, Tex.*, 87 F.4th 290, 297 (5th Cir. 2023) (considering video evidence attached to defendants' motion to dismiss and referenced in the operative complaint).

Here, Groves did not attach the dash cam video or Officer Edwards' incident report to his complaint, nor does his complaint sufficiently refer to the exhibits in a way that permits the Court to incorporate them by reference. *See Hodge v. Engleman*, 90 F.4th 840, 844 (5th Cir. 2024). They cannot be considered with defendant's Rule 12 arguments.

As the parties recognize, though, the Court may consider "matters outside the pleadings" if it treats defendants' motion as one for summary judgment. Fed. R. Civ. P. 12(d). In so doing, it must provide the parties with "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Reasonable" in the Fifth Circuit means "at least ten days before judgment is rendered." *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 746 (5th Cir. 1986). The "period begins running when the non-movant is first put on notice that the court has accepted evidence outside the pleadings and could convert the Rule 12(b)(6) motion into one for summary judgment." *Hodge*, 90 F.4th at 845 (cleaned up).

In this instance, the Court determines that conversion is appropriate to consider the dash cam video, but not the incident report.[1] It will convert defendants' motion for judgment

---

[1] The unsworn incident report is inadmissible hearsay. The general rule is that "police reports generated by law enforcement officials—do not qualify as business or public records" because they are "calculated for use essentially in the court, not in the business." *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 321–22 (2009) (quotation marks omitted); *see also* Fed. R. Evid. 803(6)(E) and 803(8)(b) (explaining that the business and public records exceptions do not apply when the opponent shows "that the source of information or other circumstances indicate a lack of trustworthiness."). Groves explains that "[u]nlike a run-of-the-mill accident report that is drafted by a police officer who has nothing to gain from excluding or including

on the pleadings to a motion for summary judgment, at least to the extent the video aides in the resolution of Groves' excessive force claim regarding the tasing. As a result, Groves has until February 18, 2025 to respond and submit any evidence he wishes the Court to consider in opposition to the video. Defendants have until February 25 to reply.

For these reasons, the motion to strike is granted in part and denied in part.

**SO ORDERED**, this the 28th day of January, 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

information, it was in Officer Edwards' personal interest to draft his report in a manner to justify his use of force against [] Groves." Docket No. 62 at 3. His point is well-taken. *Cf. United States v. Lopez-Moreno*, 420 F.3d 420, 437 (5th Cir. 2005) ("[B]ecause the official preparing the form at issue in *Quezada* had no motivation to do anything other than 'mechanically register an unambiguous factual matter,' the document was reliable and not excluded by the law enforcement provision of Rule 803(8)(B).").